ZIMMER v. THIRD AVE. R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   January 10, 1899.)

EXPERT WITNESSES—CROSS-EXAMINATION.
     An expert witness may be cross-examined in relation to his compensation.

Appeal from trial term, Queens county.

Action by Charles V. Zimmer against the Third Avenue Railroad Company and the Metropolitan Street-Railway Company.   From a judgment for plaintiff, and an order denying a new trial, defendants appeal.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles F. Brown (Henry A. Robinson and John T. Little, Jr., on the brief), for appellant Metropolitan St. Ry. Co.

Herbert R. Limburger (Henry L. Scheuerman, on the brief), for appellant Third Ave. R. Co.

Ernest M. Welch, for respondent.

CULLEN, J.    This is a father's action for the loss of the services of his daughter, who was injured in a collision between the cars of the defendants.   The details of the occurrence are narrated in the case of Zimmer v. These Defendants (decided herewith) 55 N. Y. Supp. 308. The recovery awarded by the jury in this case is very large, but whether so large as to justify our interference we need not say, as, in our opinion, an error was committed on the trial which requires a reversal of the judgment.   Medical witnesses for the plaintiff testified that the daughter, as a result of her injuries, was suffering from myelitis and locomotor ataxia.   The expert for the defendants testified that the only trouble with the daughter was hysteria.   On cross-examination the defendants sought to inquire of one of the experts of the plaintiff what compensation he was to receive for his services in giving testimony.   The plaintiff objected, the objection was sustained, and the defendants excepted.   We think this ruling was erroneous.   It is not necessary to descant on the discrepancies in the evidence of expert witnesses, depending upon the side for or against which they are called, nor shall we deliver a homily on such testimony.   But, with the imperfections that are conceded to exist in expert testimony, we think that the plainest dictates of justice require that the opposing party should have every opportunity to inquire into the fairness and interest of the expert, as well as into his

scientific skill and knowledge. Plainly, the size of the fee a witness is to receive for his testimony may, in the case of a weak character, bias his judgment, and the parties and the jury are entitled to know just what compensation an expert witness has received or is to receive. The error here is substantial, and may have been prejudicial. It is not like that which we discussed in the daughter's case. There the witness was concededly biased. Here the witness assumes to be disinterested, save that he is called and employed by one of the parties. If, in fact, his interest was greater, either because he had received an exorbitant fee or because the fee that he was to receive, whether exorbitant or not, was contingent on the result of the litigation, the parties and the jury had a right to know it.

The judgment and orders appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.